NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Andrew BIERILO,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civ. No. 13-1183

OPINION

THOMPSON, U.S.D.J.

      This matter appears before the Court on Plaintiff's appeal of the final administrative decision by Defendant Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Social Security disability insurance benefits and Supplemental Security Income. (Doc. No. 1). The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court will vacate and remand the decision of the Commissioner.

BACKGROUND

      This case concerns an application for disability benefits. Plaintiff was injured in a car accident in May 2009. (Doc. No. 5 at 19). On September 28, 2009, Plaintiff filed applications for disability and Supplemental Security Income for the period beginning on May 15, 2009. (Doc. No. 9 at 5). Plaintiff's applications were denied on February 11, 2010 and October 11,

1

2010.  (*Id*.).  Following these denials, Plaintiff appeared before Administrative Law Judge ("ALJ") Barbara Dunn on October 31, 2011.  (*Id.*).  Plaintiff presented evidence of several impairments, including cervical disc disease, lumbar disc disease, post-traumatic stress disorder, and major depression.  (*Id*. at 14).  On December 1, 2011, the ALJ denied Plaintiff's applications for Disability Benefits under Title II and Title XVI of the Social Security Act.  (Doc. No. 5 at 11).  On February 27, 2013, Plaintiff filed the present appeal.  (Doc. No. 1).

## DISCUSSION

### 1. *Standard of Review*

Under 42 USC §§ 416(i), 423(d)(1)(A), an applicant for disability insurance benefits must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."  "Despite the deference to administrative decisions implied by this standard, appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence." *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981); *see* 42 USC § 405(g).  "Substantial evidence" has been defined as "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389 (1971).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

### 2. *Analysis*

#### i. Legal Standard

An ALJ determines whether an individual is disabled by following a five-step evaluation process.  20 CFR 404.1520(a).  First, the ALJ must determine that the individual was no longer engaging in substantial gainful activity.  *Id*. at (4)(i).  Second, the ALJ must determine whether the individual suffered from a severe impairment.  *Id*. at (4)(ii).  Third, the ALJ must compare

the severe impairments to a list of impairments that are severe enough to preclude substantial gainful activity. *Id*. at (4)(iii). If the individual has more than one impairment, the ALJ must consider the combination of these impairments to determine whether this combination is of "medical equivalence" with the listed impairments. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000). If the ALJ determines that either the impairment or combination of impairments is the medical equivalent of one of the listed impairments, the individual is deemed disabled. 20 CFR 404.1520(a)(4)(iii).

Next, the ALJ must turn to the fourth step and determine whether the individual possesses the residual functioning capacity to sustain his "past relevant work." 20 CFR 404.1520(a)(4)(iv). Finally, if the ALJ finds that the individual cannot engage in past relevant work, the ALJ must then consider the individual's residual functioning capacity, age, education, and work experience to determine whether he can perform other kinds of work. 20 CFR 404.1520(a)(4)(v).

After reviewing the record, the Court finds at least one instance where the ALJ's decision was not supported by substantial evidence. In step three, the ALJ failed to give appropriate consideration to the *combined* effect of Plaintiff's multiple injuries and disorders.

    ii.    Step Three: Comparing the Combination of Impairments to the Listed Impairments

The inquiry at this stage is two-fold. The ALJ must determine whether any of the individual's impairments are sufficiently severe by referring to the listed impairments in Appendix 1. If the individual has more than one impairment, the ALJ must also consider whether the *combination* of these impairments is the medical equivalent of any of the listed impairments.

Here, the ALJ found the following severe impairments: (1) cervical disc disease; (2) lumbar disc disease; (3) post-traumatic stress disorder; and (4) major depression. (Doc. No. 5 at 16).

### a. Physical Impairments

The ALJ's decision examined the "back disorders" under Section 1.04 and "joint dysfunction" under Section 1.02. In discussing the "back disorders," the ALJ states that she found that "the medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis, lumbar spinal stenosis or strength or motor loss as required by the listing." (Doc. No. 5 at 16). The decision does not state whether the ALJ considered both the cervical disc disease and lumbar disc disease *combined* or whether each disorder was found insufficient standing alone only. (*See id.*).

The Third Circuit requires the ALJ to consider the combination of impairments and to set forth the reasons as to why that combination is not the medical equivalent of any of the listed impairments. *Torres*, 279 Fed. Appx. at 152. Conclusory statements that do not fully set forth and explain the reasons for a decision have been found to be "beyond meaningful judicial review." *Id*.

Plaintiff also argues that the ALJ gave his claim "boilerplate" treatment. In support of this argument, Plaintiff claims that a section of the ALJ's decision purports to analyze Plaintiff's arguments under Section 1.02 even though Plaintiff made no arguments under Section 1.02. (Doc. No. 9 at 18).[1] This Court is also unable to locate the arguments under Section 1.02 to which the ALJ is responding. Therefore, the ALJ should also develop its analysis under Section 1.02 in step 3.

---

[1] Plaintiff claims that "[s]omeone clicked the wrong boilerplate button." (Doc. No. 9 at 18).

4

### b. Mental Impairments

The decision also examined the two mental impairments of PTSD and major depression, both individually and together, and found that Petitioner's mental impairments are not equivalent in severity to any of the listed impairments.  (*Id*.).  Here, the record supports the ALJ's determination that the combination of Plaintiff's mental impairments did not satisfy at least two of the following statutory requirements: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation.  20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.04, 12.06.

### c. Combined Effect of Physical and Mental Impairments

In addition to not examining the combined effect of both physical impairments, the ALJ also failed to consider the total effect of Plaintiff's mental impairments and physical impairments combined.  *Torres*, 279 Fed. Appx. at 152; *Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992) ("consider[] the combined effect of [plaintiff's] alleged mental illness on his physical impairments"); *Delrosa v. Sullivan*, 922 F.2d 480, 484 (8th Cir. 1991) ("ALJ was obligated to consider the combined effect of [plaintiff's] physical and mental impairments"); *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1127 (1st Cir. 1986) ("It seems simply a matter of common sense that various physical, mental, and psychological defects, each non-severe in and of itself, might in combination, in some cases, make it impossible for a claimant to work.").

On remand, the ALJ should fully develop the record and explain the findings at step three, including an analysis of whether and why Plaintiff's impairments, or those impairments combined, are or are not equivalent in severity to any of the listed impairments.  *See also Burnett*, 220 F.3d at 120.

5

   iii.  Step 4 and Step 5: Physical Impairments

Plaintiff also challenges the analysis utilized in step four concerning Plaintiff's pain level and step five concerning Plaintiff's ability to perform sedentary work. The Court will not reach the questions related to the step four or step five inquiries because each inquiry is substantially influenced by the considerations in step three.[2] The ALJ must consider the *combination* of impairments throughout the decision, including in the contested decisions in step four and step five. *Id*. ("If we do find a medically severe combination of impairments [in step three], the combined impact of the impairments will be considered throughout the disability determination process."). Therefore, the Court will not examine the claims raised under step four and step five until the ALJ considers the combined effect of Plaintiff's physical and mental impairments.

## CONCLUSION

For the reasons set forth above, the decision will be vacated and remanded.

                    *Anne E. Thompson*
                   ANNE E. THOMPSON, U.S.D.J.

Dated: 5/12/14

---

[2] For instance, the ALJ's finding in step five that Plaintiff could do "sedentary work which does not involve lifting more than 10 pounds" under certain conditions could change when both physical impairments are examined together. (Doc. No. 5 at 19).